UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| John Alvarado, et al. | § | |
| v. | § | Case No. 5:21-cv-1127 |
| U.S. Bank National Association, | § | |
| as trustee, et al. | § | |

## **DEFENDANTS SHELLPOINT AND U.S. BANK'S REMOVAL NOTICE**

NewRez LLC dba Shellpoint Mortgage Servicing (**Shellpoint**) and U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-5 (**U.S. Bank**) remove John Alvarado and Mary Alvarado's state court action to this court under 28 U.S.C. §§ 1331, 1332, 1367, and 1441.

## I. STATEMENT OF THE CASE

The Alvarados filed this action styled *John Alvarado v. U.S. Bank National Association*, cause number 2021CI20391, in the 131st district court in Bexar County, Texas on September 24, 2021 challenging an April 6, 2021 foreclose sale of 9514 Hedge Grove, San Antonio, TX 78263. (Ex. 1, pet.)  They assert Shellpoint and U.S. Bank failed to provide Texas Property Code § 51.002 notices before foreclosing, failed to validate the underlying debt per the Fair Debt Collection Practices Act (**FDCPA**), 15 U.S.C. § 1692g, quiet title, and trespass to try title.  (Ex. 1.)  They bring their claims as the borrower's successors in interest to the property and seek to rescind the foreclosure sale, to quiet the property's title in their names, actual and punitive damages, and attorneys' fees.  (Ex. 1 p. 7-8.)

## II. DIVERSITY JURISDICTION

The court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the real parties in interest are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## A. The real parties in interest are completely diverse.

The Alvarados are citizens of Texas, where they reside. *See* (EX. 1 p. 2 ¶ 2 ("Plaintiffs are individuals who reside[] in Bexar County, Texas.")); *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("the place of residence is prima facie the domicile").

U.S. Bank is a citizen of Ohio. Being a national bank, U.S. Bank is a citizen of the state where its main office is located. *See* 12 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). U.S. Bank's main office, as its articles of association state, is in Ohio. *See Johnson v. Citigroup Mortg. Loan Tr. Inc.*, No. 5:16-CV-1114-RCL, 2017 WL 3337268, at *4 (W.D. Tex. Aug. 8, 2017) ("U.S. Bank's main office is located in Ohio, and therefore U.S[.] Bank is a citizen of Ohio for purposes of diversity.").

Shellpoint is a citizen of Delaware and New York. Shellpoint Mortgage Servicing is an assumed name of NewRez LLC, a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). NewRez LLC has one member: Shellpoint Partners LLC. Shellpoint Partners LLC has two members: NRM Acquisition LLC and NRM Acquisition II LLC. NRM Acquisition LLC and NRM Acquisition II LLC each have one member: New Residential Mortgage LLC. New Residential Mortgage LLC has one member: New Residential Investment Corp. A corporation is a citizen of every state by which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c); *MidCap*

*Media Fin.*, 929 F.3d at 314.  New Residential Investment Corp. is a Delaware corporation with its principal place of business in New York.

**B.     The amount in controversy exceeds $75,000.**

When a defendant seeks removal on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum the plaintiff demands in their state court petition, or competent evidence if nonmonetary relief is sought.  28 U.S.C. § 1446(c)(2); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (allowing "summary judgment type evidence" to prove § 1332's amount in controversy).  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam).  The value of litigation for declaratory relief to rescind a foreclosure sale and declare title in a claimant's name is the property's fair market value.  *See Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (per curiam) ("[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *Contreras v. SFMC, Inc.*, No. 3:14-CV-2340-B, 2015 WL 71001, at *7 (N.D. Tex. Jan. 6, 2015) ("In the case of suits seeking to prevent or rescind the foreclosure of property . . . the value of declaratory . . . relief . . . is the current appraised fair market value of the property, because '[a]bsent judicial relief, Plaintiff could be divested of all right, title[,] and interest to the Property.'").

In addition to monetary relief, the Alvarados seek a declaration rescinding the foreclosure sale at which U.S. Bank acquired fee simple title to the property and quieting title to the property

in their names. (EX. 1 p. 7-8.) The object of these claims, the property, is valued at $128,810, well in excess of the jurisdictional minimum. (EX. 9, Bexar County Appraisal District's report.[1])

### III.     FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action arises under federal law "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The court has federal question jurisdiction over the Alvarados' FDCPA claims. *See* (EX. 1 p. 6 ¶¶ 26-27 (asserting FDCPA claims).)

The court has supplemental jurisdiction over all asserted state law claims because they "form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). Claims "form part of the same case or controversy" where they "derive from a common nucleus of operative fact." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). Like the Alvarados' FDCPA claims, their state law claims arise from Shellpoint and U.S. Bank's servicing or handling of the loan, including Shellpoint and U.S. Bank's foreclosure on the property. *See* (EX. 1 p. 5-8.)

### IV.     PROCEDURAL REQUIREMENTS SATISFIED

Removal is timely under 28 U.S.C. § 1446(b) because this notice is filed within thirty days of U.S. Bank and Shellpoint being served with the Alvarados' petition. *See* (EX. 4, 6); *Thomspon v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) ("a defendant's right to removal

---

[1] Shellpoint and U.S. Bank request the court take judicial notice of Bexar County Appraisal District's valuation of the property, publicly available at https://bexar.trueautomation.com/clientdb/Property.aspx?cid=110 and attached as exhibit 9. *See* FED. R. EVID. 201; *Blankenship v. PNC Bank, Nat'l Ass'n*, No. SA-11-CV-378-XR, 2011 WL 13237571, at *1 (W.D. Tex. July 5, 2011) ("tak[ing] judicial notice of the Bexar County Appraisal District public records, which reflect a current market value of $184,030 for the property" in determining the amount in controversy).

runs from the date on which it is formally served with process"). Venue is proper in this court because the United States District Court for the Western District of Texas, San Antonio division embraces the place in which the state court action was pending, Bexar County, Texas. *See* (EX. 1); 28 U.S.C. § 1441(a). Shellpoint and U.S. Bank notified the state court regarding this removal. A true and correct copy of all process, pleadings, and orders on file in the state court action are attached as exhibits 1-5. *See* 28 U.S.C. § 1446(a).

## V. CONCLUSION

The court has diversity jurisdiction, or federal question and supplemental jurisdiction, over this action.

Date: November 15, 2021

Respectfully submitted,

 *s/ Walter McInnis*
C. Charles Townsend, SBN: 24028053
charles.townsend@akerman.com
Walter McInnis, SBN: 24046394
  --*Lead Attorney*
walter.mcinnis@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR SHELLPOINT AND U.S. BANK**

Shellpoint and U.S. Bank's Removal Notice
5:21-cv-1127; *Alvarado v. U.S. Bank*
Page 5 of 6

# CERTIFICATE OF SERVICE

I certify I served this document on November 15, 2021 as follows:

**V**ia **CM/ECF** and **C**ertified **M**ail **/ RRR**
**N**o. **9414 7266 9904 2124 3133**
D. Kimberli Wallace
1560 E. Southlake Blvd., Ste. 100
Southlake, TX 76092
Telephone: 817.745.4581
Facsimile: 817.953.7000
*Plaintiffs' Counsel*

                                             *s/ Walter McInnis*
                                             Walter McInnis